Bill REED, Individually and as Brother of Howard Reed, deceased; J.E. Reed, Individually and as Father of Howard Reed, deceased, Appellees,

v.

WOODRUFF COUNTY, ARKANSAS; Leon Cressey, Individually and in his Official Capacity as Former Sheriff of Woodruff County; Jack Capeton, in his Official Capacity as Present Sheriff of Woodruff County; Charlene Smith, Individually and in her Official Capacity as Radio–Operator of the Woodruff County Sheriff's Department; and Bobby Bogarth, Individually and in his Official Capacity as a Police Officer, Appellants.

No. 93–1393.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1993.

Decided Oct. 21, 1993.

Ralph C. Ohm, Hot Springs, AR, argued (David H. White, on the brief), for appellants.

Steven J. Paris, Little Rock, AR, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

The defendants, Woodruff County, Arkansas, and several individuals, appeal the District Court's denial of summary judgment in a 42 U.S.C. § 1983 case. The District Court held that the defendants, primarily jail officials, were not entitled to qualified immunity, and that genuine issues of material fact existed with respect to the accidental death of an inmate, Howard Reed. On appeal, the defendants assert that the denial of summary judgment was incorrect. We agree.

## I.

Howard Reed was a trustee prisoner in the Woodruff County Jail, where he was incarcerated for failing to appear in Municipal Court. On March 26, 1990, one of the defendants, the jailer, Charlene Smith, checked on the inmates at approximately 9:22 p.m. At approximately 10:16 p.m., Smith responded to a disturbance in the lockup area of the jail. One of the inmates informed her that he had not seen Reed for some time. Smith called to Reed and looked into his cell. She could not see him, and he did not answer. She returned to the front desk and asked Bobby Bogarth, a male police officer for the City of Augusta and a co-defendant in this case, to check Reed's cell. (Bogarth did not work at the jail, but happened to be there at the time.)

Bogarth entered Reed's cell and found him hanging by his neck in the shower stall. Bogarth, who is an emergency medical technician, evaluated Reed's physical condition and determined that he was dead. Bogarth reported Reed's death to Smith, and they decided to leave the scene intact pending an investigation into Reed's death. Smith then contacted the Sheriff's and Coroner's offices as well as the Arkansas State Police.

The Coroner performed an autopsy and determined that Reed died accidentally when the blood supply to his brain was cut off. The report also stated that Howard Reed killed himself, apparently unintentionally, while engaged in auto-erotic asphyxiation.

The plaintiffs in this case, Bill Reed and J.E. Reed, are the brother and father of the deceased. They filed suit alleging both negligence and a violation of Howard Reed's constitutional rights under 42 U.S.C. § 1983. The defendants moved for summary judgment on both issues as well as asserting qualified immunity as a defense to the federal claim. The District Court granted the motion with respect to the allegations of negligence, finding the defendants immune from liability under the Arkansas Tort Immunity Statute, Ark.Code Ann. § 21–9–301 (1987). It did not, however, grant summary judgment on the Section 1983 action, holding that genuine issues of material fact remained for trial. In addition, the District Court held that the defendants were not entitled to qualified immunity, because the law on deliberate indifference under the Eighth Amendment was clearly established at the time of the incident. The Court thought that whether the defendants had acted with deliberate indifference remained an open question on the facts before it.

## II.

Although neither party has questioned our authority to hear the defendant's appeal, we first address this Court's jurisdiction over the District Court's denial of summary judgment. An order denying summary judgment is not a final order and is therefore not

usually appealable until the conclusion of the case on the merits. One exception to this rule is the collateral-order doctrine as applied in qualified-immunity cases. The collateral-order doctrine states that courts of appeals have jurisdiction to review those decisions "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). The Supreme Court applied this doctrine to qualified-immunity cases in *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), holding that when a lower court denies an official qualified-immunity status, that denial is immediately appealable because it "conclusively determines the defendant's claim of right not to *stand trial.*" *Id.* at 527, 105 S.Ct. at 2773 (emphasis in original). In addition, when a denial of qualified immunity is before this Court on appeal, we also have jurisdiction over closely related legal issues. *Wright v. South Ark. Regional Health Center, Inc.*, 800 F.2d 199 (8th Cir.1986).

We have jurisdiction over this appeal, and we now turn to the merits of the plaintiffs' case.

## III.

### A.

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). This standard is the one the District Court applied, and it is also the standard on appeal. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962) (per curiam); *Jewson v. Mayo Clinic*, 691 F.2d 405, 408 (8th Cir.1982). Moreover, the reviewing court may consider only the record developed by the trial court. *Adickes v. S.H.*

*Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

On a summary-judgment motion, the moving parties, here the defendants, bear the burden of showing that no genuine issue of fact exists. Once the movant has met that burden, the non-moving parties, here the plaintiffs, must designate specific facts showing that a genuine dispute about a material issue remains for trial. *Id.* 477 U.S. at 324, 106 S.Ct. at 2553; *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial," then Rule 56(c) "mandates the entry of summary judgment ... against [him]." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

### B.

■ To state a claim for relief under Section 1983, the plaintiffs must allege that the defendants' actions with respect to Howard Reed amounted to a violation of a right, privilege, or immunity protected by the Constitution or laws of the United States. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). The Reeds allege that the defendants violated Howard Reed's Eighth Amendment right to medical care. Under the Supreme Court's Eighth Amendment test for evaluating whether a custodian has violated a prisoner's right to medical care, we look to whether prison officials have acted with deliberate indifference to a prisoner's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Their actions may rise to the level of a constitutional violation if they intentionally deny or delay access to medical care. *Id.* at 104–105, 97 S.Ct. at 291. Our cases apply the same standard to a prisoner's right to be protected from self-inflicted harm or suicide. *Bell v. Stigers*, 937 F.2d 1340 (8th Cir.1991); *Rellergert ex rel. Rellergert v. Cape Girardeau County, Mo.*, 924 F.2d 794 (8th Cir. 1991).

■ Plaintiffs' strongest case is against

 

Officer Bogarth.[1] In order to survive a summary-judgment motion, plaintiffs must point out facts sufficient to show that Bogarth acted with deliberate indifference to Reed's medical needs at the time that Bogarth discovered Reed in the shower and determined that he was dead. In an attempt to meet this burden, the plaintiffs argue that Bogarth should have attempted artificial resuscitation before finally determining that Reed was dead, and that such an attempt might have saved the decedent's life. However, the plaintiffs have not met their burden; even when viewed in the light most favorable to the plaintiffs, the evidence in the record is insufficient to overcome a motion for summary judgment.

The only evidence in the record with respect to the determination of Howard Reed's death is the affidavit of Officer Bogarth. That affidavit states that Bogarth, a trained emergency medical technician, discovered Reed's body hanging in the shower and determined that he was dead. Given that affidavit, the plaintiffs must provide some positive showing that a genuine issue of material fact concerning Bogarth's actions remains for trial. See *Lundeen v. Cordner*, 356 F.2d 169, 170 (8th Cir.1966); *Dyer v. MacDougall*, 201 F.2d 265 (2d Cir.1952). For example, the plaintiffs might have shown, through the use of a deposition, that the statements in Bogarth's affidavit might be impeached at trial or that he could provide them with additional testimony on a material issue which would be of use in proving their case. The plaintiffs needed to show that at trial the witnesses might have given material evidence different from or in addition to what they stated in their affidavits. But they have provided no evidence that Reed might be alive today if the custodians had handled the situation differently, nor have they provided any additional evidence or pointed to any facts already in the record which put Bogarth's credibility in issue. Thus, even if we were to assume that Bogarth should have tried to revive Reed, there is no evidence that the attempt would or could have succeeded.

Because the plaintiffs have not met their burden of providing or pointing to material facts sufficient to overcome the defendant's motion for summary judgment, the motion should have been granted. The judgment is reversed, and the cause remanded with instructions to grant defendants' motion for summary judgment and dismiss the plaintiffs' Section 1983 claim with prejudice.

It is so ordered.

---

1. The plaintiffs also argue that Charlene Smith should have reacted differently or more rapidly to the situation. However, the plaintiffs have failed to provide any facts to support their assertion. The plaintiffs have not provided any evidence to show that it was unreasonable for Smith not to enter Reed's cell alone when he did not respond to her calls and she could not see him, nor have they provided any evidence that she should have called someone other than Officer Bogarth, a trained emergency medical technician, to check on Reed.