Ernest EDWARDS, Appellee,

v.

Brian GILES; Timothy Woolman; Mike Bassett, of the Lincoln Police Department, Lincoln, NE, Appellants.

No. 94–1577NE.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1994.

Decided March 31, 1995.

---

Mark A. Christensen, Lincoln, NE (Andrew D. Strotman appeared on the brief), for appellant.

Denise E. Frost, Omaha, NE, argued, for appellee.

Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and MAGILL, Circuit Judge.

FAGG, Circuit Judge.

In this 42 U.S.C. § 1983 action, Ernest Edwards contends police officers Brian Giles, Timothy Woolman, and Mike Bassett violated the Fourth Amendment by using excessive force to arrest Edwards. Edwards contends the officers used excessive force when they placed him on the ground during the arrest, and Officer Woolman used excessive force when he pointed his gun at Edwards. The district court denied the officers' motion for summary judgment based on qualified immunity. In reviewing the denial, we consider the record in the light most favorable to Edwards.

During the late afternoon of July 4, 1992, a police officer pursuing a speeding van saw the driver crash the van and run away. The officer discovered the van was stolen, and police began searching for the driver. An individual in the neighborhood told some of the searching officers that a man matching the driver's description was at a house near the crash site. Two officers drove by the house and observed Edwards, who matched the description of the driver. When Edwards saw the police car, he disappeared around the side of the house.

Officer Woolman later spotted Edwards and chased him on foot. Edwards hid behind some bushes, but when Woolman approached him, Edwards stood up and asked the officer what he wanted. Woolman briefly pointed his gun at Edwards, then reholstered it when Edwards started running. With Woolman in pursuit, Edwards ducked around the corner of a nearby house, where Officers Giles and Bassett blocked his path. Edwards stopped and put his hands on his head. Edwards was wearing only shoes and shorts, and was not carrying a weapon. One of the officers threw Edwards to the ground, and the officers handcuffed and shackled him. Edwards cut his abdomen when he struck the ground.

On appeal, the officers contend they are entitled to summary judgment based on qualified immunity, because Edwards failed to produce specific facts showing the officers used excessive force in apprehending Edwards. *See Cole v. Bone,* 993 F.2d 1328, 1332 (8th Cir.1993). We agree. Although it is clearly established that the Fourth Amendment prohibits police from using excessive force during an arrest, Edwards cannot overcome the officers' summary judgment motion with generalized assertions that the officers used excessive force. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Rather, Edwards must point out facts that would allow a reasonable jury to find the actions of the officers in this case violated the

Fourth Amendment. *Id.* Because Edwards has failed to do so, summary judgment for the officers is appropriate. *Reed v. Woodruff County,* 7 F.3d 808, 810–11 (8th Cir.1993).

Edwards concedes the officers were entitled to place him on the ground physically in the course of completing the arrest. He simply claims the officers put him on the ground with an excessive amount of force considering that Edwards was unarmed and not belligerent. Edwards's claim founders, however, because he failed to present sufficient evidence to show the officers' actions were objectively unreasonable in the circumstances. *Graham v. Connor,* 490 U.S. 386, 397, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989). Edwards's affidavit merely states one of the officers "threw [Edwards] to the ground," and in an answer to an interrogatory, Edwards states he "was thrown to the ground forcibly." These abstract assertions tell us nothing more than that one officer used some physical power to move Edwards to the ground, an action Edwards concedes is lawful. Edwards's affidavit and answer do not give the slightest hint about the amount of force the officer used or why the amount of force was unreasonable in light of Edwards's persistent efforts to elude the police. *See Greiner v. City of Champlin,* 27 F.3d 1346, 1355 (8th Cir.1994) (when arrestee flees, some use of force by police is reasonable). Edwards also asserts that "[w]hen [he was] thrown to the ground [he] sustained [a] cut to his abdomen." Because a cut of this kind is explained by Edwards's contact with a rough spot or object on the ground, Edwards's injury is not enough to show the officer used excessive force. *See id.* (minor injury consistent with reasonable force).

■ We also reject Edwards's claim that Officer Woolman used excessive force when Woolman pointed his gun at Edwards. Neither Woolman's pursuit of Edwards nor Woolman's pointing his gun caused Edwards to submit to Woolman's authority. Thus, Woolman never seized Edwards, and Edwards has failed to show the violation of a constitutional right at all. *See California v. Hodari D.,* 499 U.S. 621, 626, 111 S.Ct. 1547, 1550–51, 113 L.Ed.2d 690 (1991) (seizure by police requires either physical force or sub-

mission to assertion of authority); *Cole,* 993 F.2d at 1332–33 (seizure is necessary part of excessive force claim). Anyway, Woolman's conduct in drawing his gun and pointing it at Edwards, without any indication Woolman intended or attempted to fire the gun, does not rise to the level of a constitutional violation. *Collins v. Nagle,* 892 F.2d 489, 497 (6th Cir.1989); *Hinojosa v. City of Terrell,* 834 F.2d 1223, 1231 n. 10 (5th Cir.1988). Furthermore, Woolman's actions were objectively reasonable in the circumstances. *See Graham,* 490 U.S. at 396–97, 109 S.Ct. at 1871–72; *Greiner,* 27 F.3d at 1354. Woolman had ample reason to believe Edwards committed a felony, fled from police, and hid from Woolman to avoid capture. Woolman is entitled to qualified immunity on Edwards's claim.

We reverse the district court's denial of summary judgment to the officers and remand for the entry of summary judgment in their favor.