# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1238EA

_____

Julious McGruder,      *
         *
     Appellant,     * On Appeal from the United
         * States District Court
     v.          * for the Eastern District
         * of Arkansas.
Jeff Heagwood; Clyde Murphy, Jr.;    *
Bobby Baxter,      *
         *
     Appellees.     *

_____

Submitted: September 27, 1999
Filed: December 7, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Julious McGruder filed a 42 U.S.C. § 1983 action against West Helena Police Department Sergeant Jeff Heagwood and Officers Bobby Baxter and Clyde Murphy, Jr., alleging that they used excessive force in removing McGruder from his vehicle during an arrest. The District Court[1] granted defendants summary judgment on the basis of qualified immunity. McGruder appeals, and we affirm.

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

According to McGruder, on October 30, 1996, at or about 4:50 p.m., McGruder turned into a bank parking lot and pulled up to the drive-through window. He noticed a police car was behind him with its lights flashing. Heagwood got out of the car and ordered McGruder out of his truck. McGruder did not get out of the truck, however, because he was blocked by the drive-through window. After McGruder finished his banking, Heagwood ordered McGruder to pull forward, and informed him that he was under arrest. When McGruder asked for permission to drive his truck to the police department, Heagwood told McGruder that he was under arrest for disorderly conduct. McGruder said he would meet Heagwood at the police station and drove out of the bank parking lot, heading for the station. McGruder traveled about 100 feet before other officers in their vehicles blocked his truck.

Heagwood then jerked open the door of McGruder's truck, handcuffed McGruder's left wrist, and pulled on his arm by the unattached handcuff while ordering him out of the truck. McGruder could not get out, however, because Heagwood was pulling him off balance, and because of McGruder's size, 350 pounds, he needed both hands to slide himself out from behind the steering wheel. Another officer joined Heagwood in pulling on McGruder's handcuffed wrist, and Heagwood bent McGruder's wrist backward. Although the officers were trying to pull McGruder out of the truck, they could not do so because of his size. After one of the officers stopped pulling on his arm, McGruder was able to slide out of the truck. Heagwood then handcuffed McGruder, ignoring his complaints that the handcuffs were too tight. Ultimately, no charges were filed against McGruder.

Qualified immunity shields government officials from liability for civil damages "unless their conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known." Yowell v. Combs, 89 F.3d 542, 544 (8th Cir. 1996). "The right to be free from excessive force is a clearly established right under the Fourth Amendment's prohibition against unreasonable seizures of the person," Guite v. Wright, 147 F.3d 747, 750 (8th Cir. 1998), "and the test is whether

the amount of force used was objectively reasonable under the particular circumstances," <u>Greiner v. City of Champlin</u>, 27 F.3d 1346, 1354 (8th Cir. 1994).

Accepting as true McGruder's version of the facts, we conclude that objectively reasonable police officers could have believed that they were not using excessive force, though this belief may have been erroneous. More specifically, the officers could have reasonably believed that (1) McGruder was resisting arrest when he tried to leave the bank parking lot, and then remained inside the truck after he was stopped, making it necessary to remove him from the truck forcibly, and (2) because of McGruder's size, it was not unreasonable to pull and push him while bending his wrist in an effort to remove him from the truck. <u>Cf.</u> <u>Edwards v. Giles</u>, 51 F.3d 155, 156-57 (8th Cir. 1995) (plaintiff failed to present sufficient evidence that officers' actions were objectively unreasonable where he ran from officers and conceded they were entitled to place him on ground to effect arrest); <u>Griener v. City of Champlin</u>, 27 F.3d 1346, 1355 (8th Cir. 1994) (plaintiffs failed to present sufficient evidence that officers' actions were objectively unreasonable where plaintiffs fled into house in attempt to escape arrest, and struggled with police). Although McGruder claims on appeal that the officers broke his wrist, he attested before the District Court only that he had suffered unspecified injuries. See <u>Foster v. Metropolitan Airports Comm'n</u>, 914 F.2d 1076, 1082 (8th Cir. 1990) (plaintiff failed to present sufficient evidence that officers' actions were objectively unreasonable where plaintiff was pushed against wall twice on way to holding area, but sustained no injury).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-