**Terry RIVERS, Sr., Austin Hart, a minor child by his guardian and next friend Raymond Hart, and Raymond Hart, Plaintiffs,**

v.

**Richard J. O'BRIEN, James H. Godfrey, James Parker and Zane Hathaway, Defendants.**

**No. 96–CV–1495 (LEK/DRH).**

United States District Court,
N.D. New York.

Jan. 21, 2000.

Mark A. Schneider, Office of Mark Schneider, Plattsburgh, NY, for Plaintiffs.

Jeffrey M. Dvorin, Asst. Atty. General, Bruce J. Boivin, Office of Attorney General, Albany, NY, for Defendants.

## MEMORANDUM–DECISION AND ORDER

KAHN, District Judge.

Presently before the Court is Defendants' motion for partial summary judgment pursuant to FED.R.CIV.P. 56. Though Plaintiffs' memorandum of law in opposition to defendants motion for summary judgment is clearly in violation of the Local Rules for its excessive length, in the interest of justice to the individual Plaintiffs, we will accept the memorandum.[1] For the reasons set forth below, Defendants' motion is granted-in-part and denied-in-part.

### I. BACKGROUND

The civil rights violations alleged by Plaintiffs stem from events that occurred on September 27, 1995. On that date defendant O'Brien, a New York State Trooper, went to the residence of Steven Rivers to execute an arrest warrant issued by Ausable Town Judge Head. Steven Rivers resided with his parents, Bonnie Rivers and Terry Rivers, Sr. in Peru, New York.

Officer O'Brien arrested and handcuffed Steven Rivers, and escorted him toward Officer O'Brien's police car when Bonnie Rivers followed and began yelling at Officer O'Brien. Officer O'Brien instructed Bonnie Rivers to step away from the car.

When she refused, O'Brien pushed her back by her head or hit her with an open

---

1. Plaintiffs' counsel, Mark A. Schneider, is advised to read the Local Rules, especially L.R. 7.1(a)(1).

hand. At the time she was holding the infant Austin Hart, Raymond Hart's son (Raymond Hart is the brother of Bonnie Rivers). Terry Rivers, Jr. also approached the scene. Surrounded by these individuals, O'Brien did not feel in control of the situation, and sprayed pepper spray into Steven Rivers' face, then sprayed Terry Rivers, Jr. Bonnie Rivers and the infant may have also been hit with the spray. Officer O'Brien then radioed for back-up.

Approximately twelve troopers and a Deputy Sheriff arrived at the Rivers' residence. Among the backup who arrived were defendants Sergeant Parker, Sergeant Hathaway and Trooper Godfrey. While in the house, Bonnie Rivers telephoned her brother Raymond Hart, telling him that his son, the infant Austin Hart, had been sprayed with pepper spray during the arrest of Steven Rivers. Raymond Hart quickly arrived at the Rivers' residence. Upon his arrival, Raymond Hart demanded to know who was responsible for spraying his son. Bonnie Rivers identified Officer O'Brien as the responsible party.

When Hart approached Officer O'Brien, the other officers, believing that Raymond Hart meant to harm O'Brien, intervened. The officers brought Hart to the ground and arrested him. Hart contends that he never acted aggressively during the incident.

Plaintiffs then commenced this action, alleging a deprivation of rights pursuant to 42 U.S.C. § 1983, whereby Plaintiffs were deprived of their "right to be free from unlawful assault and battery, unlawful arrest and detention, and defamation."

## II. DISCUSSION

### A. Summary Judgment Standard of Review

Summary judgment must be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any materi-

al fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Lang v. Retirement Living Pub. Co.*, 949 F.2d 576, 580 (2d Cir.1991). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir.1999). In deciding the motion, all facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmoving party, and draw all reasonable inferences in nonmovant's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Thomas* 165 F.3d at 142. A genuine issue is an issue that, if resolved in favor of the non-moving party, would permit a jury to return a verdict for that party. *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 57 (2d Cir.1997), *citing Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. 2505.

When the moving party has met the burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec.*, 475 U.S. at 586, 106 S.Ct. 1348. At that point, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e); *Liberty Lobby Inc.*, 477 U.S. at 250, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. 1348. To withstand a summary judgment motion, evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. *Liberty Lobby*, 477 U.S. at 248–49, 106 S.Ct. 2505; *Matsushita Elec.*, 475 U.S. at 587, 106 S.Ct. 1348. Thus, summary judgment is proper where there is "little or no evidence ... in support of the non-moving party's case." *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223–24 (2d Cir.1994) (citations omitted).

## B. Section 1983

Section 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States. Section 1983 itself creates no substantive rights, merely providing a procedure for redress for the deprivation of rights established elsewhere. In order to prevail on a § 1983 claim a plaintiff must establish that the conduct of a person acting under color of state law deprived him of a federal right. Plaintiff may fail to state a claim even if he alleges facts which establish a deprivation of a federal right if the defendant has *immunity from liability*. *See Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir.1999) (emphasis added).

## C. Qualified Immunity

The doctrine of qualified immunity offers protection for police officers and other "government officials performing discretionary functions ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Thomas*, 165 F.3d at 142. "This policy is justified in part by the risk that the 'fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.'" *Thomas*, 165 F.3d at 142, quoting *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

*Anderson v. Creighton* established that "the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Creighton*, 483 U.S. at 640, 107 S.Ct. 3034.

"Even where the plaintiff's federal rights and the scope of the official's permissible conduct are clearly established, the qualified immunity defense protects a government actor if it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act." *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir.1995). The objective reasonableness test is met—and the defendant is entitled to immunity—if "officers of reasonable competence could disagree" on the legality of the defendant's actions. *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

In order to trump qualified immunity, the Plaintiffs must demonstrate that (1) Defendants' conduct violated any of the Plaintiffs' clearly established rights; and (2) that these rights would have been known to a reasonable person *or* that it was not objectively reasonable for the defendant to believe that his actions were lawful and not violative of Plaintiffs' clearly established rights. *See Lennon*, 66 F.3d at 422.

## D. Application of the Summary Judgment Standard for Qualified Immunity

### 1. *Grossly Negligent Supervision*

Plaintiffs' first § 1983 claim alleges that Parker and Hathaway were negligent in supervising the troopers on the scene. This claim is being made only by plaintiff Raymond Hart regarding Hart's arrest.

"In this Circuit personal involvement of the defendants in alleged constitutional deprivation is a prerequisite to an award of damages under [42 U.S.C.] § 1983." *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir.1991). A defendant may be personally involved in a constitutional deprivation within the meaning of 42 U.S.C. § 1983 "if he or she was *grossly* negligent in managing subordinates who caused the unlawful condition or event." *Moffitt*, 950 F.2d at 886 (2d Cir.1991); citing *Williams v. Smith*, 781

F.2d 319, 323–24 (2d Cir.1986) (citations omitted) (emphasis added).

Plaintiffs' theory of grossly negligent supervision rests upon (1) the rank of Officers Parker and Hathaway, (2) the fact that Officer Parker knew Hart, (3) Officer Parker did not order Hart to stay away from Officer O'Brien, (4) Officer Parker did not stop Hart's arrest, and (5) Officer Parker was one of the officers who stopped Hart as he approached Officer O'Brien.

 None of these claims rise to the level of gross negligence by Defendants. In order to show gross negligence Plaintiffs must show "[a] conscious, voluntary act or omission in reckless disregard of a legal duty and of the consequences to another party ..." BLACKS LAW DICTIONARY (7th ed.1999) addition, or "a 'deliberate indifference' to the deprivation of the [P]laintiff[ ]s' constitutional rights" *Owens v. Haas*, 601 F.2d 1242, 1246 (2nd Cir. 1979) citing *Leite v. City of Providence*, 463 F.Supp. 585, 590–91 (D.R.I.1978). Plaintiffs' claim of grossly negligent supervision is therefore dismissed in its entirety against all Defendants.

### 2. *False Arrest and False Imprisonment*

Plaintiffs' second § 1983 claim alleges false arrest and false imprisonment. As Officer O'Brien did not participate in the arrest of Raymond Hart, any allegations of false arrest or false imprisonment by Raymond Hart against officer O'Brien are dismissed.[2]

 Under New York law, the elements of a false arrest claim are: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *See, e.g., Broughton v. State*, 37 N.Y.2d 451, 456, 373 N.Y.S.2d 87, 335 N.E.2d 310,

*cert. denied*, 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257 (1975).

 The common law tort of false arrest is recognized under § 1983 only if it also includes a violation of federal statutory or constitutional law. *Cook v. Sheldon*, 41 F.3d 73, 77 (2d Cir.1994), citing *Easton v. Sundram*, 947 F.2d 1011, 1016 (2d. Cir. 1991). The Court believes that Plaintiffs allege that the officers violated their Fourth Amendment right to be free from "unreasonable ... seizures" by arresting them without probable cause. *Cook*, 41 F.3d at 77 (holding that false arrest supports a claim against state police under § 1983 because it violates the Fourth Amendment); *See also Posr v. Doherty*, 944 F.2d 91, 97 (2d Cir.1991). "The plaintiff will not recover, however, if the defendants are shielded by qualified immunity." *Cook*, 41 F.3d at 77.

Qualified immunity protects a government actor if it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act. *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir.1995); *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523.

 The objective reasonableness test is met for a false arrest claim—and the defendant is entitled to immunity—if "either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Lennon* 66 F.3d at 423, *quoting Wachtler v. County of Herkimer* 35 F.3d 77, 81 (2d Cir.1994).

 Probable cause exists when the arresting officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime."

---

**2.** "Personal involvement of the defendants in alleged constitutional deprivation is a prerequisite to an award of damages under [42

U.S.C.] § 1983." *Moffitt v. Town of Brookfield,* 950 F.2d 880, 886 (2d Cir.1991)

*Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir.1996). Where an arresting officer has probable cause, there can be no federal civil rights claim for false arrest. *See, e.g., Singer v. Fulton County Sheriff,* 63 F.3d 110, 118 (2d Cir.1995), *cert. denied,* 517 U.S. 1189, 116 S.Ct. 1676, 134 L.Ed.2d 779 (1996). In New York, if the Grand Jury returns an indictment against the plaintiff, a presumption exists that his arrest and indictment were procured with probable cause. *Bernard v. U.S.,* 25 F.3d 98, 104 (2d Cir.1994), citing *Colon v. City of New York,* 60 N.Y.2d 78, 468 N.Y.S.2d 453, 456, 455 N.E.2d 1248 (1983) ("[T]he trial court may not weigh the evidence upon which the police acted ... after the indictment has issued."). To rebut this presumption, the Plaintiffs "must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id.,* 468 N.Y.S.2d at 456, 455 N.E.2d 1248.

■ In this case, the officers had reason to believe that there was probable cause to arrest Raymond Hart for disorderly conduct and resisting arrest. Under the circumstances a person of reasonable caution would have believed that Raymond Hart was committing the crime of disorderly conduct by pushing through the police officers, and would try to assault officer O'Brien. Raymond Hart's own statements acknowledge the fact that the officers suspected he would go after Officer O'Brien, see Deposition of Raymond Hart taken June 10, 1997, 62 and 363 and that when he was stopped by two of the officers he "didn't stop walking." *See Id.* at 40.

Furthermore, the cases presented by Plaintiffs in support of the argument for their claim of false arrest are distinguishable from the facts and circumstances of the case at hand. Each case presented by Plaintiffs involves the use of "intemperate" language. The issue in this case is not Raymond Hart's language, but rather his physical actions. In light of Hart's actions, it was objectively reasonable for the officers to arrest Raymond Hart for disorderly conduct, and the arrest is therefore, privileged.

Additionally, Raymond Hart was indicted on charges of disorderly conduct and resisting arrest. The indictment creates a presumption that his arrest was procured with probable cause. *See Colon,* 468 N.Y.S.2d at 456, 455 N.E.2d 1248. Because there is no evidence of bad faith on the part of the officers, Hart's false arrest claim is dismissed against all Defendants. *See id.,* at 456, 455 N.E.2d 1248.

■ The claim of false arrest is a species of false imprisonment. *See Singer,* 63 F.3d at 118. New York courts require Plaintiffs to establish the same elements for a false imprisonment claim as are necessary for a false arrest claim. *See Broughton,* 37 N.Y.2d 451, 373 N.Y.S.2d 87, 335 N.E.2d 310. As such, Raymond Hart's claim of false imprisonment is also dismissed against all Defendants.

At the time of the arrest of Terry Rivers, Officer O'Brien was the only Defendant on the scene. Officer Keleher was the first officer, other than O'Brien, to arrive at the Rivers' residence.[3] When Officer Keleher arrived, officer O'Brien told him that Terry Rivers, Sr. was under arrest. Officer Keleher instructed Rivers to lay down on the ground, and Rivers was placed under arrest. Since the arrest of Terry Rivers, Sr. occurred before the Defendants, other than Officer O'Brien, arrived on the scene, the claims of false arrest and false imprisonment are dismissed against all officers other than Officer O'Brien[4].

Terry Rivers, Sr. was indicted on charges of resisting arrest and refusing to aid a police officer. The indictment creates a presumption that his arrest was procured with probable cause. *See Colon,*

---

**3.** Officer Keleher is not a defendant in this action.

**4.** *See supra* note 2.

468 N.Y.S.2d at 456, 455 N.E.2d 1248. Because there is no evidence of bad faith on the part of the officers, Rivers' false arrest claim is dismissed against all Defendants. *See id.*, at 456, 455 N.E.2d 1248.

Since the elements for a false imprisonment claim are the same as those for a false arrest claim, Rivers' claim of false imprisonment is also dismissed against all Defendants. *See Broughton*, 37 N.Y.2d 451, 373 N.Y.S.2d 87, 335 N.E.2d 310.

### 3. *Excessive Force*

██ Plaintiffs' third § 1983 claim alleges that the Defendants used excessive force in arresting Terry Rivers, Sr. and Raymond Hart. The Supreme Court in *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) held that "all claims that law enforcement officers have used excessive force ... in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Id.* at 395, 109 S.Ct. 1865 (1989); *Lennon*, 66 F.3d at 425. Determining whether the use of force by an officer is "reasonable" under the Fourth Amendment "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396, 109 S.Ct. 1865; *Lennon*, 66 F.3d at 425 (internal quotation marks and citations omitted).

██ The question to be answered for the purposes of qualified immunity is "whether a reasonable officer could have believed that the use of force alleged was objectively reasonable in light of the circumstances." *Lennon*, 66 F.3d at 425; *see Edwards v. Giles*, 51 F.3d 155, 157 (8th Cir.1995) (reversing district court's denial of summary judgment on qualified immunity grounds where force used was "objectively reasonable in the circumstances"); *see also Jones v. Webb*, 45 F.3d 178, 184

(7th Cir.1995) (affirming grant of summary judgment on grounds of qualified immunity where "a reasonable police officer certainly could have believed that the limited force applied was proper and was not unconstitutionally excessive in light of clearly established law").

██ The Court finds that the Defendants are entitled to summary judgment on qualified immunity grounds regarding Plaintiffs' § 1983 excessive force claim. First, Plaintiffs have failed to establish that Defendants' conduct violated any of Plaintiffs' clearly established rights. Plaintiff Raymond Hart alleges he was "forced face down on the ground [and] hit his head on the ground ... [was picked up by] his arms, and dragged to a cruiser." As the Supreme Court has noted, not every push or shove constitutes excessive force. In Plaintiffs' Statement of Contested Facts, Terry Rivers alleges simply that he was dragged down to the ground and arrested. Plaintiffs make many allegations in their brief using such words as "beating", "dragging", "slamming" and a "brutal[ ] smash[ing]" of Hart's face into the ground, yet nowhere in Plaintiffs' L.R. 7.1(f) statement [now 7.1(a)(3) ] is there any mention of such brutality, nor any mention of the need or even desire for medical attention. Mere use of such grandiloquent language hardly elevates Plaintiffs' allegations to the level of a violation of Plaintiffs' "clearly established rights."

It is therefore ordered that the claims of excessive force by Plaintiffs Terry Rivers, Sr. and Raymond Hart are dismissed against all Defendants in their entirety.

The excessive force claim alleged by the infant Austin Hart against Officers Godfrey, Hathaway and Parker are also dismissed since they were not involved in the spraying of the pepper spray, and in fact arrived on the scene after this event occurred.[5]

---

**5.** *See supra* note 2.

██ The claim alleged by the infant Austin Hart against Officer O'Brien, however, will not be dismissed. It is not readily determinable whether or not the infant was hit with the pepper spray. For purposes of this motion, that determination is resolved in favor of Plaintiffs. The determination of whether an reasonable officer could have believed that such use of force against the infant in fact occurred and was reasonable in light of the circumstances must be resolved by a jury. Immunity is not available for the officer if it is determined that the baby was actually sprayed and the officer's actions were not reasonable.

#### 4. *Defamation*

Plaintiffs' (Terry Rivers, Sr. and Raymond Hart) fourth § 1983 claim alleges defamation. Defendants' argue that any harm or injury to interest in reputation, even where inflicted by an officer of the state, does not result in a deprivation of any "liberty" or "property" and does not invoke the procedural protection of the due process clause. *Paul v. Davis*, 424 U.S. 693, 711–12, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Plaintiffs have not pleaded any facts to establish any defamation injury.[6] Accordingly, Plaintiffs' cause of action for defamation is dismissed in its entirety.

#### 5. *Malicious Prosecution*

██ Plaintiffs' (Terry Rivers, Sr. and Raymond Hart) last § 1983 claim alleges malicious prosecution. In order to prove a malicious prosecution claim, the following elements must be established: "(1) the defendant commenced or continued a criminal proceeding against plaintiff, (2) the proceeding terminated in plaintiff's favor, (3) there was no probable cause for the criminal proceeding, and (4) the defendant initiated the criminal proceeding out of malice." *Bernard v. U.S.*, 25 F.3d 98, 104 (2d Cir.1994), citing *Collom v. Incorporat-*

ed *Village of Freeport*, 691 F.Supp. 637, 640 (E.D.N.Y.1988).

██ Plaintiffs argue that Defendants initiated the prosecution against Terry Rivers, Sr. and Raymond Hart because Defendants' "motive was to cover-up the use of excessive force against" Plaintiffs. First, the excessive force claims against Defendants have been dismissed. Second, since there was probable cause for the arrest, Plaintiffs are unable to prove the third element of malicious prosecution, that "there was no probable cause for the criminal proceeding." The malicious prosecution claim is therefore dismissed in its entirety against all defendants.

### III. *Conclusion*

Accordingly, it is hereby

ORDERED that Defendants' motion for summary judgment is GRANTED–IN–PART and DENIED–IN–PART;

ORDERED, that Plaintiffs' claim of grossly negligent supervision is DISMISSED in its entirety against all Defendants;

ORDERED, that Plaintiffs' claims of false arrest and false imprisonment are DISMISSED in their entirety against all Defendants;

ORDERED, that the claim of excessive force by Plaintiffs Terry Rivers, Sr. and Raymond Hart are DISMISSED against all Defendants;

ORDERED, that the claim of excessive force by Plaintiff Austin Hart is DISMISSED against all Defendants except against Officer O'Brien;

ORDERED, that Plaintiffs' claim of defamation is DISMISSED in its entirety against all Defendants; and it is

ORDERED, that Plaintiffs' claim of malicious prosecution is DISMISSED in its entirety against all Defendants;

---

**6.** Although both Terry Rivers and Raymond Hart were temporarily suspended as New York State Corrections Officers, both have been reinstated with full back pay.

FURTHER ORDERED that the Clerk of the court shall serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.