# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2140

_____

Demone Royelio Smith

*Plaintiff - Appellant*

v.

J. Buck, City of Brooklyn Park, Police Officer

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: April 7, 2014
Filed: May 1, 2014
[Unpublished]

_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Demone Smith brought this 42 U.S.C. § 1983 action against Brooklyn Park
Police Officer J. Buck, claiming that Buck violated his Fourth Amendment rights
through use of excessive force during a traffic stop on December 19, 2008. The
district court granted summary judgment to Buck, concluding he was entitled to
qualified immunity. We reverse.

We review de novo, viewing the summary judgment evidence in the light most favorable to Smith. *See Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (standard of review). That evidence showed the following. During the traffic stop, Smith was initially uncooperative, repeatedly refusing to obey officers' orders. A police dog was brought to the scene, under the control of Buck. After Smith was given a warning, Buck directed the dog to grab Smith's coat and pull him back toward the officers. Once this was accomplished, the dog released Smith, and Officer Steve Palmquist ordered Smith to get on the ground. Smith got down on his knees and put his hands in the air. Officer Palmquist then holstered his gun and pulled out a pair of handcuffs, while other officers at the scene kept their guns directed at Smith. At this moment, Buck redeployed the dog, which bit the upper portion of Smith's left leg, leaving two puncture wounds. Smith subsequently was placed in handcuffs.

Under these facts, a reasonable officer would not think that redeploying the police dog was a reasonable amount of force. *See Henderson v. Munn*, 439 F.3d 497, 501-02 (8th Cir. 2006) (defendant is not entitled to qualified immunity if there was deprivation of constitutional right, and right was clearly established such that reasonable official would understand his conduct was unlawful in situation he confronted); *McGruder v. Heagwood*, 197 F.3d 918, 919 (8th Cir. 1999) (noting constitutional right to be free from excessive force is clearly established, and test is whether amount of force used was objectively reasonable). At the point the dog was redeployed, Smith had obeyed Officer Palmquist's command; Smith was on his knees with his hands in the air; he was surrounded by many officers with guns drawn and pointed at him; and Officer Palmquist, who was directing the situation, was preparing to handcuff Smith. *Cf. Coker v. Ark. State Police*, 734 F.3d 838, 843 (8th Cir. 2013) (reversing grant of qualified immunity; concluding reasonable jury could find that force used was excessive, where plaintiff's evidence was that officer struck plaintiff with metal flashlight after plaintiff was already on ground and complying with officer's demands); *Thompson v. Zimmerman*, 350 F.3d 734, 735 (8th Cir. 2003)

(reversing summary judgment in excessive-force claim based on qualified immunity, where arrestee testified he was sitting in unthreatening posture when jailors beat him).

Accordingly, we reverse the grant of summary judgment to Buck based on qualified immunity, and we remand to the district court for further proceedings.[1]

———————————————

[1]We do not understand the district court to have adopted the alternative basis for the magistrate judge's recommendation to grant summary judgment: that Smith failed to show more than *de minimis* injury. We note that Smith attested that he suffered two puncture wounds, nerve damage, and permanent scarring.